UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME MCGOWAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-02590 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Before the Court are the plaintiffs', Jerome McGowan and Cynthia Clausell-McGowan (the "plaintiffs"), motion to remand and supporting memorandum (Dkt. No. 9), the defendant's, Allstate Texas Lloyd's ("Allstate") response to the plaintiffs' motion (Dkt. No. 19) and the plaintiffs' reply (Dkt. No. 22).  After having carefully considered the motion, response, reply and the applicable law, the Court is of the opinion that the plaintiffs' motion to remand should be GRANTED.  The above-styled and numbered civil action is, therefore, REMANDED,  pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2011-32171.

### II.  FACTUAL BACKGROUND

The plaintiffs, both residents of Harris County, Texas, are the owners of a Texas Homeowners' Insurance Policy (the "Policy") issued by Allstate, insuring certain real property located at 7603 Evergreen Brook Way, Houston, Harris County, Texas 77095 (the "property"). The policy was in effect at the time Hurricane Ike traveled through Harris County, Texas,

causing severe damage to several commercial and residential properties throughout the gulf-coast region, including the plaintiffs' property.

Shortly after the hurricane, the plaintiffs filed a claim under the policy for roof damage, contents damage, water damage, structural damage and wind damage. They requested that Allstate cover the cost of repairs to the property pursuant to the Policy. Allstate assigned Pilot Catastrophe Services, Inc. ("Pilot") to adjust their claim. Pilot then assigned Johnny Rozell ("Rozell"), a Texas resident, and Russell Meaux ("Meaux"), a Louisiana resident, as individual adjusters on the plaintiffs' claim. The plaintiffs argue that Rozell and Meaux performed substandard inspections of their property and grossly undervalued their damages.

On May 27, 2011, the plaintiffs filed an action in the 11th Judicial District Court of Harris County, Texas, against Allstate, Pilot, Rozell and Meaux, (collectively, the "defendants"), alleging that their claim for repairs of the property, occurring as a result of Hurricane Ike, was improperly handled and wrongfully denied. Specifically, they allege causes of action against the defendants for common law fraud, conspiracy to commit fraud and unfair settlement practices under § 541.060 of the Texas Insurance Code. As to Allstate only, they allege causes of action for breach of contract, unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, and breach of the duty of good faith and fair dealing.

On July 13, 2011, Allstate, pursuant to 28 U.S.C. §§ 1441 and 1446, removed the instant action to this Court on the basis of diversity jurisdiction, asserting that Pilot, Meaux and Rozell have been improperly joined as defendants in this action.[1] The plaintiffs, in response, move to remand the instant action to the state court in which it was originally filed on the grounds that

---

[1] Because the Court's jurisdiction in this case is premised on diversity jurisdiction, this Court need only determine whether Rozell, the only non-diverse defendant, has been improperly joined in this action.

Rozell is a properly joined defendant whose citizenship should be considered in determining whether this Court has jurisdiction to adjudicate the instant action.

### III.     CONTENTIONS OF THE PARTIES

#### A.     The Plaintiffs' Contentions

The plaintiffs assert that removal of this case is improper because the Court lacks subject matter jurisdiction over this action in that complete diversity of citizenship is non-existent among the parties. They maintain that Rozell, a Texas resident, is a properly joined defendant in this case because the facts alleged against him are sufficient to state a viable claim against him. They also argue that Allstate's contention that Rozell was added to this lawsuit solely for the purpose of depriving this Court of federal jurisdiction is without merit. Accordingly, they assert that Allstate has failed to meet its heavy burden of demonstrating improper joinder and this case should be remanded to state court.

#### B.     Allstate's Contentions

Allstate argues that removal of the instant action to federal court was proper because Rozell has been improperly joined as a defendant in this case. Allstate maintains that there is no reasonable basis for predicting that the plaintiffs can recover against Rozell given the lack of actionable facts giving rise to and supporting their causes of action against him. Allstate further avers that the plaintiffs' factual allegations against Rozell are insufficient to state a valid claim against him. Specifically, with respect to the plaintiffs' causes of action under the Texas Insurance Code, Allstate contends that their allegations are conclusory and constitute nothing more than a verbatim recitation of the statutory language contained in Chapter 541 of the Texas Insurance Code. As to the plaintiffs' causes of action for fraud and misrepresentation, Allstate contends that the plaintiffs have failed to plead their claims with sufficient particularity in

compliance with Rule 9(b). Consequently, Allstate argues that Rozell has been improperly joined in this lawsuit for the sole purpose of defeating diversity and depriving this Court of subject matter jurisdiction. Thus, Allstate contends that this Court should disregard Rozell's citizenship for purposes of determining diversity jurisdiction and deny the plaintiffs' motion to remand.

## IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard

the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Johnson is a Texas resident, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 - 309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to

"determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## V.     ANALYSIS AND DISCUSSION

The plaintiffs argue that remand in this case is appropriate because complete diversity of citizenship is non-existent among the parties. The parties do not dispute that the amount in controversy has been satisfied or that the plaintiffs and Rozell are Texas residents. Thus, absent a showing that Rozell was improperly joined, subject matter jurisdiction in this case is lacking. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08. Accordingly, here, the

improper joinder issue turns on whether the plaintiffs can establish *any potentially* viable state-law cause of action against Rozell.

In this case, Allstate does not dispute that it is possible to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. *See*, *e. g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Llovds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999)). Rather, it contends that the plaintiffs have failed to offer any actionable facts in support of their claims against Rozell and have failed to make the required "factual fit" between their asserted theories of recovery and their allegations. As a consequence, it argues that there is no reasonable possibility of recovery against Rozell based on the facts alleged by the plaintiffs in their Original Petition. This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law. *Smallwood*, 385 F.3d at 573. Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Rozell, the non-diverse defendant, was a

"person" engaged in the insurance business with respect to the plaintiffs' claims against him. *See Garrison Contractors*, 966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[2] provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims.")  In this case, it is undisputed that Rozell actively participated in adjusting the plaintiffs' claim on Allstate's behalf.  As an adjuster, Rozell was tasked with the responsibility of investigating the plaintiffs' claim and evaluating it in terms of legitimacy and value.  Accordingly, Rozell is a "person" subject to liability under the Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance.  *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007).

Next, the Court must determine whether the plaintiffs have alleged *any potentially* viable cause of action against Rozell as a result of his work with respect to their claim.  The Fifth Circuit has explained, however, that to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiffs must demonstrate that "the employee, *himself*, committed a violation that caused the harm.  *Hornbuckle*, 385 F.3d at 545.  Particularly, in their Original

---

[2] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing TEX. INS. CODE art. 21.21 § 16(a)).  Article 21.21 has since been repealed.  The pertinent parts of § 16 are currently codified at § 541.060 of the TEX. INS. CODE.

Petition, the plaintiffs allege that Rozell, as claims adjuster, committed the following unfair settlement practices in violation of § 541.060 of the TEX. INS. CODE:

26. misrepresented to [them] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. . . .;

27. failed to make an attempt to settle Plaintiffs' claim in a fair manner, [despite being] aware of their liability to Plaintiffs under the Policy;

28. failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. . . . failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. . . . did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy . . . . ;

29. failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing . . . .; and

30. refused to fully compensate Plaintiffs under the terms of the Policy, even though [the defendants] failed to conduct a reasonable investigation. Specifically, . . . Rozell performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. . . .;

(Dkt. No. 9, Ex. A at ¶¶ 26 – 30.)  With regard to their claim for fraud, the plaintiffs allege that Rozell along with the other defendants "knowingly or recklessly made false representations . . . as to material facts and/or knowingly concealed all or part of material information from [them]." *Id.* at ¶ 35.  Finally, the plaintiffs aver that their "damages are a direct result of [the defendants'] mishandling of [their] claim." *Id.* at ¶ 72.

In sum, the plaintiffs allege in their Original Petition that:  (1) their property was damaged as a result of Hurricane Ike; (2) their property was insured at all material times hereto under a policy issued by Allstate; (3) Allstate assigned Pilot to adjust their claim and Pilot then assigned Meaux and Rozell as individual adjusters, responsible for investigating the plaintiffs'

damage and evaluating their claim; and (4) Rozell allegedly mishandled their claim, by *inter alia*, failing to fulfill his duties in the manner prescribed by the Texas Insurance Code, including misrepresenting the extent of the Policy's coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for offering an inadequate settlement and/or denying payment. Based on these allegations, the plaintiffs allege that Rozell's conduct amounts to violations of the Texas Insurance Code for which he can be held personally liable.

When resolving all factual disputes and ambiguities in the plaintiffs' favor as this Court is required to do, the Court determines that the plaintiffs' assertions tend to suggest that Rozell while acting as a "person" engaged in the business of insurance, performed and/or contributed in some way to Allstate's investigation and/or decision relative to their claim. Assuming such, Rozell could *potentially* be held personally liable to the plaintiffs under § 541.060 of the Texas Insurance Code.[3] Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Rozell for the causes of action alleged, the plaintiffs are not required to make such a showing at this stage of the litigation. Instead, it is Allstate's heavy burden to establish with certainty that the plaintiffs have *no reasonable possibility* of recovery against Rozell individually. Allstate has provided this Court with no such evidence from which it could forecast that the plaintiffs have no reasonable possibility of recovery against Rozell in state court. For these reasons, the Court finds that Allstate has not satisfied its burden of establishing that Rozell was improperly joined in this lawsuit and remand is, therefore, warranted.

---

[3] Since the Court finds that a possibility exists that the plaintiffs may be able to maintain a cause of action against Rozell under the Texas Insurance Code, it does not consider whether the plaintiffs have alleged actionable facts against Rozell for fraud and/or misrepresentation.

## VI.     CONCLUSION

Because Allstate has not shown that there exists *no reasonable possibility* that the plaintiffs could establish a cause of action against Rozell under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating improper joinder on the facts alleged in this case. In light of the foregoing, the shared citizenship of Rozell and the plaintiffs defeats diversity and prevents this Court from exercising jurisdiction over the instant action. Accordingly, the plaintiffs' motion to remand is GRANTED. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2011-32171.

It is so **ORDERED**.

SIGNED at Houston, Texas this 1st day of November, 2011.

_____
Kenneth M. Hoyt
United States District Judge